IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-22-115-JFH |
| | ) | |
| CARL RAY HOLLAND, | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDCUM**

  The Defendant, Carl Ray Holland, through undersigned counsel, respectfully submits this sentencing memorandum to urge the Court to impose a sentence of incarceration of 92 months and to recommend that the BOP provide drug treatment, including RDAP program, to Mr. Holland during his period of incarceration.  A 92-month sentence is sufficient, but not greater than necessary, to fulfill the statutory sentencing objectives and factors contained in 18 U.S.C. § 3553(a).  In support of this request, Mr. Holland asks the Court to consider the following:

  1. Mr. Holland is guilty of possessing stolen firearms.  Mr. Holland wishes to stress that he has not been charged with or convicted of being involved in the theft of the firearms.  Mr. Holland denies that he had any connection to the theft of the firearms.  Moreover, discovery produced by the government strongly suggests that law enforcement developed suspects in the burglary of the McAlester Tactical Supply on July 29, 2022, and the suspects were not Mr. Holland.  This is a situation where Mr. Holland did not go looking for trouble – trouble found Mr. Holland.

  2. Mr. Holland is a drug addict, and, as a result, he was at risk of getting in trouble by associating with the wrong people.  Mr. Holland knows that he needs to stop using drugs, believes

he would benefit from substance abuse treatment, and requests that the Court recommend that BOP provide all available drug treatment to him while in custody. (PSR, ¶ 60). He requests that have access to drug treatment while on supervised release.

3.  Unlike many defendants who appear for sentencing in this Court, Mr. Holland has a significant work history. Over the past 11 years, Mr. Holland has worked for Bill Cannon, a small businessowner in McAlester, Oklahoma. (PSR ¶ 17). Undersigned counsel has spoken to Mr. Cannon about Mr. Holland. Mr. Cannon reports that Mr. Holland is a good person and an excellent worker, so long as Mr. Holland is not using drugs. (Mr. Cannon reports that, when Mr. Holland is using drugs, he does not necessarily show up for work.) Mr. Cannon advised undersigned counsel he would offer Mr. Holland a job when Mr. Holland is released from custody, so long as he is not using drugs.

4.  Mr. Holland is not asking for a short sentence. A 92-month sentence of incarceration is a significant punishment. It is sufficient punishment for the offense conduct, will provide sufficient time to rehabilitate Mr. Holland, and will deter others from committing similar crimes.

5.  Mr. Holland has already been in custody in the Pittsburg County Jail for a year and four months. When determining the appropriate punishment, the Court should consider that a lengthy stay in a county jail is hard time, which serves as punishment and deters future misconduct.

6.  The requested sentence would not create a sentencing disparity. According to the JSIN data contained in the PSR, the average length of sentence for a person in Mr. Holland's situation is 86 months, and the median length of sentence is 92 months.

WHEREFORE, Mr. Holland respectfully requests the Court enter a sentence of 92 months incarceration, a term of supervised release the Court deems appropriate, and that the Court direct the Bureau of Prisons and the Probation Office to provide Mr. Holland with appropriate drug treatment.

Respectfully submitted on November 28, 2023

OFFICE OF THE FEDERAL PUBLIC DEFENDER

Scott A. Graham, Federal Public Defender

By: s/Neil D. Van Dalsem
Neil D. Van Dalsem, OBA No. 16326
Assistant Federal Public Defender
112 N. 7th Street
Muskogee, Oklahoma 74401
(918) 687-2430
Counsel for Defendant Carl Ray Holland

### CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrant(s):

AUSA Edith A. Singer

s/Neil D. Van Dalsem
Neil D. Van Dalsem